**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

| | |
|---|---|
| ANTONIO D. HARPER, | Case No. 2:22-cv-00250-APG-VCF |
| Plaintiff, | |
| vs. | **ORDER** |
| JOSEPH LOMBARDO, et al., | APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); COMPLAINT (ECF NO. 1-1) |
| Defendants. | |

Pro se plaintiff Antonio D. Harper filed an application to proceed in forma pauperis (IFP) and a complaint. ECF Nos. 1 and 1-1. I grant Harper's IFP application, but I dismiss his complaint without prejudice with leave to amend.

**DISCUSSION**

Harper's filings present two questions: (1) whether Harper may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Harper's complaint states a plausible claim for relief.

**I.      Whether Harper May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period

immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

Plaintiff filed his IFP application with his financial certificate from the Nevada Department of Prisons as required by the PLRA. ECF No. 1. Plaintiff states that his average monthly deposits are about $277.48, and his current balance is $47.59. *Id.* at 4. I grant plaintiff's application to proceed in forma pauperis.

## II.   Whether Harper's Complaint States a Plausible Claim

### a.   Legal Standard

Because I grant Harper's IFP application, I must review Harper's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set

of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

Though "[n]o technical form is required for complaints" (Fed. R. Civ. P. 8(a)), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. …If doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense" (Fed. R. Civ. P. 10(b)).  The amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1. "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; e.g., *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). To state a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986).

### b.  Plaintiff's Complaint

Plaintiff's § 1983 complaint is against Sheriff Joseph Lombardo, Detective Jared Casper, and Officer A. Stephens. ECF No. 1-1. He alleges violations of the Fourth Amendment, Fourteenth Amendment, and for false arrest. *Id.* at 3. He alleges that on August 16, 2021, Detective Jared Casper

and Officer A. Stephens wrongfully pulled him over. *Id.* at 5. He alleges that the officers told him "everything was good" but that they wanted to speak to him, "about an 'EVENT' month's (sic) ago." *Id.* He alleges that the officers then falsely arrested him against his will and without a warrant. *Id.* He alleges that Sheriff Lombardo is responsible because he supervised these officers. *Id.* at 5. He also alleges that the officers searched his car without a warrant. *Id.*

### i. Fourth Amendment, Fourteen Amendment, and False Arrest Claims

The Fourth Amendment prohibits "unreasonable searches and seizures," and "reasonableness is always the touchstone of Fourth Amendment analysis." *Birchfield v. North Dakota*, 136 S. Ct. 2160, 2186, 195 L. Ed. 2d 560 (2016). Reasonableness is generally assessed by carefully weighing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Tennessee v. Garner*, 471 U.S. 1, 8, 105 S. Ct. 1694, 85 L. Ed. 2d 1 (1985) (internal quotation marks omitted); *Cty. of Los Angeles, Calif. v. Mendez*, 137 S. Ct. 1539, 1546, 198 L. Ed. 2d 52 (2017); *Zion v. Cty of Orange*, 874 F.3d 1072, 1075 (9th Cir. 2017) (citing *Graham v. Connor*, 490 U.S. 386, 388, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)).

"The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." *Manuel v. City of Joliet, III*, 137 S.Ct. 911, 918, 197 L. Ed. 2d 312 (2017) (citation omitted). "The absence of probable cause is a necessary element of a § 1983 false arrest ... claim[.]" *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015) (citations omitted). If the person has not yet been convicted, the court should exercise its discretion to refrain from addressing such a claim until the criminal case has ended. *Wallace v. Kato*, 549 U.S. 384, 393-94, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). If the person has been convicted, a finding that there was no probable cause for the arrest would render the criminal conviction invalid, and dismissal without prejudice is required under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

4

The Fourteenth Amendment prohibits state action that "deprive[s] any person of life, liberty, or property, without due process of law[.]…" U.S. CONST. amend. XIV § 1. The Ninth Circuit has held that a "§ 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned." *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000), overruled in part on other grounds by *Wallace v. Kato*, 549 U.S. 384, 393-94, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007).

Plaintiff's pleading offers no "factual content that allows the court to draw the reasonable inference" that any individual person acted unlawfully under the circumstances. See *Iqbal,* 556 U.S. at 678 (noting that while Plaintiff need not plead "detailed factual allegations," to state a plausible claim for relief, he must provide "more than ... unadorned, the-defendant-unlawfully-harmed-me accusations.") (citation omitted). Plaintiff's allegations that the officers questioned him about an "EVENT" insinuates that the officers questioned him about a crime. Construing his complaint liberally, it appears that he alleges that the officers violated the Fourteenth Amendment when they detained him. Plaintiff's bare bone contentions that the officers wrongfully pulled him over, wrongfully seized him, and wrongfully searched his car without a warrant lacks sufficient specific factual allegations to support any of the necessary elements of a Fourth or Fourteenth Amendment claim. Plaintiff also does not indicate whether he was charged and convicted, or whether charges were dropped, or whether any conviction has been invalidated. I cannot determine whether his Fourth Amendment, Fourteen Amendment, or false arrest claims can proceed at this time. I dismiss them without prejudice.

### ii.  Respondeat Superior

A defendant cannot be held liable under § 1983 solely based on supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). "Because vicarious liability is inapplicable to ... § 1983 suits, [plaintiff] must

plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; see also *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff s must "allege with at least some degree of particularity overt acts which defendants engaged in" to state a claim).

Plaintiff states that Sheriff Lombardo is responsible for supervising the officers he alleges acted wrongfully. Plaintiff has not alleged that Sheriff Lombardo personally participated in the arrest. Plaintiff has not stated a claim against Sheriff Lombardo. I dismiss his complaint without prejudice.

ACCORDINGLY,

I ORDER that Harper's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

I FURTHER ORDER that Harper's complaint (ECF No. 3) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDER that Harper has until Thursday, March 24, 2022, to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

I FURTHER ORDER that if plaintiff files an amended complaint, the Clerk of the Court is directed NOT to issue summons on the amended complaint.  I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 22nd day of February 2022.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE