**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| ANTONIO D. HARPER, | Case No. 2:22-cv-00250-ART-VCF |
| Plaintiff, | |
| vs. | **Report and Recommendation for Dismissal** |
| JOSEPH LOMBARDO, et al., | Amended Complaint (ECF No. 5) |
| Defendants. | |

I previously granted pro se plaintiff Antonio D. Harper's application to proceed in forma pauperis and dismissed his complaint with leave to amend. ECF No. 3. Plaintiff filed an amended complaint, which I now screen. ECF No. 5. I recommend that plaintiff's amended complaint be dismissed.

For brevity I will not repeat my entire analysis here, but I previously found that plaintiff had failed to state Fourth Amendment, Fourteenth Amendment, and False Arrest claims pursuant to Rule 8. ECF No. 3. I also found that plaintiff failed to state a respondeat superior claim against Sheriff Lombardo. *Id.* at 6.

Plaintiff's amended complaint is even more difficult to follow that his first complaint. ECF No. 5. Plaintiff still brings claims for false arrest and violations of the Fourth and Fourteenth Amendment. *Id.* He states:

> Under the Fourteenth Amendment the authority's (sic) of the State of Nevada violated the petitioner's rights to life and liberty and property without due process

>of law. Body cam footage and no search warrant time stamped to matching body cam time stamp petitions that Sheriff Joseph Lombardo, Detective Jared Casper and Officer A. Stephens while on <u>duty Aug 16 2021</u> and under color of law unconstitutionally violated the plaintiff's Fourth Amendment right detaining petitioner arresting petitioner and searching petitioners vehical (sic) without a search warrant and <u>not a fourth waiver</u> and <u>subject</u> to <u>search</u> and <u>seizure</u>.

See ECF No. 5 at 1-2 (emphasis in original; original written in all uppercase letters). It is unclear if plaintiff is alleging that Sheriff Lombardo personally participated in his arrest or if he merely refers to the Sheriff in this section of the complaint as a supervisor. Plaintiff also alleges that "fabrication, the corruption within the Las Vegas Metropolitan Police Dept Clark County Nevada" is what led to the violations of his rights. *Id.* at 5. Plaintiff's amended complaint does not address the respondeat superior or the Rule 8 issues I raised in my previous screening order because these allegations are nothing more than, "unadorned, the defendant unlawfully-harmed-me accusations." See my order at ECF No. 3 at 5, citing to *Iqbal*, 556 U.S. at 678.

Plaintiff's bare bone contentions in his amended complaint, that the officers wrongfully pulled him over, wrongfully seized him, and wrongfully searched his car without a warrant still lacks sufficient specific factual allegations to support any of the necessary elements of a Fourth or Fourteenth Amendment claim, as I analyzed in my last order. *Id.* Plaintiff also still does not indicate in his amended complaint whether he was charged and convicted, or whether charges were dropped, or whether any conviction has been invalidated, as I noted in my last order. *Id.*, citing to *Wallace v. Kato*, 549 U.S. 384, 393-94, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007) and *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

//

For all the reasons I discussed in my previous screening order, I recommend that Harper's case be dismissed.

ACCORDINGLY,

I RECOMMEND that that this action be DISMISSED and Judgment entered.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO RECOMMENDED.

DATED this 27th day of June 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE